{¶ 22} In my view, there was a question of fact whether Iwenofu was a "harborer" of the dog. Therefore, I would reverse the judgment in Iwenofu's favor and remand for a new trial.
 {¶ 23} As the majority correctly notes, a harborer is one who has possession and control of the premises where the dog is kept, and silently acquiesces in the dog's presence there. In this case, there was testimony that the dog was often kept in the backyard of the duplex, a common area available to both tenants; there is no evidence that the yard was included in the leases. The very fact that the use of that area was shared and not actually rented to either tenant implies that the landlord retained possession and control of it. Cf. Restatement of the Law, Second, Real Estate, section 17.3, comment a and illus.
 {¶ 24} The fact that multiple tenants are entitled to use the yard does not mean that the landlord has given up control of it, as the majority suggests. It implies just the opposite. Common areas, the use of which is shared by tenants, are generally retained in the possession and control of the landlord.
 {¶ 25} For this reason, Sizemore by Sizemore v. Spellman (July 5, 1996), Trumbull App. 95-T-5373, though factually similar to the instant case, was incorrectly decided. In Sizemore, as in this case, a tenant was bitten by a dog kept by the other tenant in a duplex. The court inSizemore, found that "there is no evidence in the record to support appellants' contention that appellee retained possession and control over the premises. The two tenants shared possession and control of the backyard with each other but not with appellee." (Emphasis added.) The court then determined that the fact that two tenants shared possession and control of a backyard "alone does not render the backyard a `common area' to which appellee [landlord] retained the right of possession and control," citing Bundy v. Sky Meadows Trailer Park (Oct. 23, 1989), Butler App. No. CA-89-01-002. In my view, the very fact that the tenants shared the use of the backyard indicates that the landlord retained the right of possession and control over that space.
 {¶ 26} Bundy, which was cited by the Sizemore court, does not support the view taken by Sizemore and the majority in this case. Though the dog was loose in common space when it bit the plaintiff child, Bundy
held that the trailer park owner did not possess or control the space where the tenant's dog was kept, that is, the space occupied by the dog's owner. The court found that the owner's failure to enforce trailer park rules regarding pets did not make the owner a "harborer." This situation is distinct from the situation here and in Sizemore, where the dog was kept in a common area.
 {¶ 27} In this case, the dog was kept in the backyard at least part of the time. In my view, there is at least a question of fact whether the landlord retained possession and control over that area. The jury should have been allowed to decide this question.
 {¶ 28} Therefore, I dissent.